**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY DIDIANA, | No. 10-17527 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01314-JCM-PAL |
| v. | |
| PARBALL CORPORATION, a Nevada corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 26, 2012
Tucson, Arizona

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Anthony DiDiana ("DiDiana") appeals the district court's grant of summary

judgment in favor of Parball Corporation ("Parball"). We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

To prevail on his gender discrimination claim, DiDiana must either (1) present direct or circumstantial evidence of discrimination, or (2) satisfy the burden-shifting analysis described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). To satisfy the burden shifting framework, DiDiana must make a prima facie case either by (1) presenting direct evidence of discrimination, or (2) presenting evidence satisfying each of four requirements described by our previous gender discrimination cases. *See, e.g.*, *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010); *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). DiDiana does not satisfy these requirements.

DiDiana's proffered evidence did not conclusively show an intent to discriminate on the basis of gender. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003) (direct evidence must prove a fact without "inference or presumption" (internal quotation marks omitted)). Nor did it satisfy the four-prong test for a prima facie case, which required DiDiana to show that (1) he belongs to a protected class; (2) he was performing to Parball's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably or the circumstances gave rise to an inference of discrimination. *Hawn*, 615 F.3d at 1156. DiDiana did not satisfy this test because, even if cocktail servers were

similarly situated employees, the evidence showed that a female employee actually caught misappropriating funds was terminated. He also was not performing to Parball's legitimate expectations.

Even if DiDiana could establish a prima facie case of gender discrimination, Parball offered a nondiscriminatory reason for his termination, and DiDiana failed to create a genuine issue of material fact regarding whether Parball's proffered reason was pretextual. *McDonnell Douglas*, 411 U.S. at 804. Because "at least one other similarly situated employee . . . was treated in a similar manner as [DiDiana]," that evidence negates "any showing of pretext" and therefore defeats DiDiana's claim. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1094 (9th Cir. 2001).

We also affirm the grant of summary judgment in favor of Parball on DiDiana's age discrimination claim. To prevail on a claim for age discrimination, DiDiana must prove at trial that age was the "but-for" cause of the employer's adverse action. *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009). DiDiana misappropriated company funds on more than one occasion; no reasonable juror could find that this job performance was satisfactory and that age not only compelled the adverse employment action, but was the but-for cause of termination. *Id.*; *see also Diaz v. Eagle Prod. Ltd. P'ship*, 521 F.3d 1201, 1208

(9th Cir. 2008). DiDiana's evidence fails to clear this high hurdle, even when evidence of Parball's age-based proposal is considered in the light most favorable to DiDiana. Therefore, the district court correctly concluded that DiDiana failed to make a prima facie case for age discrimination.

AFFIRMED.