NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAULINE MERCEDES VELEZ,

                Plaintiff-Appellant,

    v.

DENIS MCDONOUGH, Secretary of the
Department of Veterans Affairs,

                Defendant-Appellee.

No.   22-15806

D.C. No. 4:20-cv-05170-KAW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Submitted November 16, 2023[**]
San Francisco, California

Before:  FORREST and MENDOZA, Circuit Judges, and OLIVER,[***] Senior District Judge.

Appellant Pauline Velez appeals the district court's order granting summary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Solomon Oliver, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

judgment to Appellee Denis McDonough, Secretary of the Department of Veterans Affairs ("VA"). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order granting summary judgment de novo, *Killgore v. SpecPro Pro. Servs., LLC*, 51 F.4th 973, 981 (9th Cir. 2022), and we affirm.

1.      The district court correctly granted summary judgment for McDonough on Velez's discrimination claim. We examine Velez's discrimination claim through the burden-shifting framework provided in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this analysis, a plaintiff must first establish a prima facie case for discrimination. *Id.* at 802. To do so, she must produce evidence that demonstrates (1) she is a member of a protected class; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) "similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). If the plaintiff establishes her prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the challenged action." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000). If the defendant presents a nondiscriminatory reason, "the burden then shifts back to the plaintiff to raise a triable issue of fact that the defendant's proffered reason was a

pretext for unlawful discrimination." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007).

Here, the district court determined that Velez could not demonstrate a prima facie case for discrimination. In so doing, the district court misstated Velez's prima facie burden. Specifically, the district court omitted—and failed to consider—the second clause of the fourth element for establishing a prima facie case: "other circumstances surrounding the adverse employment action [that] give rise to an inference of discrimination." *Peterson*, 358 F.3d at 603.

The district court's error in reciting Velez's prima facie burden, however, was harmless because, even if Velez had demonstrated a prima facie case of discrimination, she failed "to raise a triable issue of fact that the defendant's proffered reason was a pretext for unlawful discrimination." *Noyes*, 488 F.3d at 1168. To show a triable issue as to pretext, Velez must demonstrate that McDonough's "proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable" or "that unlawful discrimination more likely motivated the employer." *Chuang*, 225 F.3d at 1127 (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220–22 (9th Cir. 1998)). If Velez relies on circumstantial evidence to meet her burden, that evidence must be "specific" and "substantial." *Godwin*, 150 F.3d at 1222.

Here, Velez did not raise a triable issue regarding pretext. *See Noyes*, 488 F.3d at 1168. Several pieces of evidence on the record "reinforce[]" McDonough's proffered explanation for the VA's decision to remove Velez from her role as site manager. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1094 (9th Cir. 2001). First, and most significantly, Timothy Graham removed Ronald Chun from his role as Oakland site manager around the same time he removed Velez from her position. Velez and Chun were similarly situated at the VA; they were the only two physicians who also acted as site managers who reported to Graham. Unlike Velez, however, Chun is neither female nor Hispanic. Graham's decision to remove Chun—a similarly situated, male, non-Hispanic colleague—from the site manager position extinguishes Velez's argument that Graham's decision to remove her was fueled by animus against women or Hispanic people. *See Snead*, 237 F.3d at 1094 (determining that evidence that a disabled plaintiff's similarly situated, non-disabled colleague was also terminated "negat[ed] any showing of pretext"); *DiDiana v. Parball Corp.*, 472 F. App'x 680, 681 (9th Cir. 2012) (reaching the same conclusion in a case involving alleged gender discrimination).

Second, and relatedly, the VA replaced Chun with a lower-level administrative employee. That decision tends to show that the VA was honestly pursuing its proffered goal of reallocating administrative tasks from physicians to lower-level administrative staff. Third, Graham removed Velez from her site

manager role only after he started at the VA's Martinez location and assumed many administrative responsibilities there. Finally, no other Northern California VA facility has an on-site, executive-level administrator and a site manager. These facts tend to suggest that Graham was genuinely combatting duplication of responsibilities when he jettisoned the Martinez site manager role.

2. The district court correctly granted summary judgment for McDonough on Velez's retaliation claim. The court assumes without deciding that Velez met her prima facie burden of showing retaliation. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). Nevertheless, she fails to show a triable issue as to pretext. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066 (9th Cir. 2003). Velez faces the same problems rebutting McDonough's non-retaliatory justifications that she does rebutting his non-discriminatory justifications.

First, and most significantly, there is no evidence in the record suggesting that Chun engaged in protected employment activity before Graham removed him from his role as Oakland site manager. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (establishing that summary judgment is appropriate if "the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial"). This undermines Velez's claim that Graham removed her from her role as site manager in retaliation

for her 2004 lawsuit against the VA. *See Snead*, 237 F.3d at 1094. Additionally, as explained above, the timing and other circumstances surrounding Graham's decision to remove Velez and Chun from their site manager roles corroborate McDonough's proffered non-retaliatory explanations.

**AFFIRMED.**